UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUDAH AUSUBEL,

                Plaintiff,

   - against -

GREAT WEST LIFE AND ANNUITY
INSURANCE COMPANY,

                Defendant.

------------------------------------------------------------X

**ORDER**

CV-05-2823 (BMC) (ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV 14 2006 ★
BROOKLYN OFFICE

**COGAN, District Judge.**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Lindsay, in which she recommends dismissal of this action for non-prosecution.

There is no dispute that plaintiff's counsel has violated court orders by failing to provide disclosure and failing to have his client appear for deposition; indeed, he has taken no steps in discovery at all. In addition, he ignored defendant's letter request for dismissal for non-prosecution, and allowed that request to proceed unopposed. After Judge Lindsay rendered her Report and Recommendation, he took the full ten days permitted for an objection, filing an affidavit at the close of business on the tenth day.

In that affidavit, plaintiff's counsel attributes his lack of diligence to family and personal health problems, as well as his misplaced reliance on his adversary's indulgence. This Court has sympathy for counsel's personal difficulties, but a simple letter to the Court advising of the situation and requesting some accommodation at any point in the case would have prevented the unexplained violation of the Court's Order. Instead, plaintiff's counsel did nothing to respond to

defendant's request for dismissal and waited for the last possible moment to file an objection to the Magistrate Judge's Report and Recommendation.

Of even more concern is counsel's representation that, as he advised defendant's counsel on September 12, 2006, he is no longer able to represent his client due to his health problems and that his client will be substituting in new counsel. That was nearly two months ago and there is no appearance by such counsel, nor has plaintiff's counsel submitted a motion to withdraw. There is not even any indication that plaintiff is aware of his counsel's inability to proceed.

This raises the prospect that if this Court denies defendant's request for dismissal, plaintiff will continue to be represented by counsel who, by his own admission, is incapable of serving as counsel. Counsel has offered no reason for the Court to think that he will start participating in this case when he has failed to do so to date and states that he remains unable to do so.

With no indication from plaintiff's counsel as to how this situation will be resolved, I hereby adopt the Report and Recommendation of Judge Lindsay and DISMISS the case for non-prosecution. However, to afford plaintiff every opportunity to proceed on the merits, this dismissal is STAYED for a period of 30 days from entry of this Order on the ECF docket and shall be VACATED if new counsel for plaintiff appears during that period. Plaintiff's counsel is urged to contact his client and take all possible steps to permit vacature of this Order.

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
November 9, 2006